# James McCormick, Plff. in Err., v. T. J. Kinney.

The vendee of a farm gave a purchase-money mortgage on it and, with his vendor's consent, laid it out in village lots and deeded one to plaintiff, who paid for it and erected on it a dwelling house, having no actual notice of the mortgage, which was recorded. Afterwards the mortgage was foreclosed and plaintiff's lot sold to plaintiff's grantor, who verbally promised to hold it for plaintiff's wife, but gave a mortgage on it which was foreclosed without notice to plaintiff, whose tenants were in possession; on the foreclosure the lot was purchased by and the deed made to the assignee of the mortgage. In an action of ejectment against the latter by plaintiff to recover the lot,—*Held*, that although the case was one of great hardship, it disclosed no legal ground on which plaintiff could recover.

(Argued October 26, 1886. Decided November 15, 1886.)

October Term, 1886, No. 96, W. D., before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas No. 2 of Allegheny County to review a judgment on a verdict directed for defendant in an action of ejectment. Affirmed.

This action was brought by James McCormick against T. J. Kinney to recover a house and lot in the village of Oakdale, North Fayette township. The following facts appeared on the trial in the court below before EWING, J.:

By deed on July 1, 1867, James McCandless conveyed to C. H. Love a farm, situate at Oakdale, for the sum of $15,000, $5,000 of which was paid in cash and a purchase-money mortgage given for the balance, $10,000. Thereafter Love, with the knowledge and consent of James McCandless, laid the farm out into 300 lots. One of said lots was sold to the plaintiff, McCormick, by general warranty deed, July 14, 1868. McCormick entered into possession in the following spring, constructed a dwelling house thereon, planted the lot in trees, fenced it, built walks, paid taxes, etc., and kept possession of the same until June, 1881, when his tenant left the house and defendant entered and took possession. McCormick had no actual notice of the purchase-money mortgage, although the same was recorded. Love sold a great many lots and quite a large number of buildings were constructed on the farm, on which a village

grew up. This mortgage was foreclosed and the lots were sold by order of the court in their inverse order of alienation by Love. McCormick's lot was sold last and bid in by Love at $155. After sale and before acknowledgment of the deed, plaintiff's wife called on Love, who said to her: "You go home; I have sold you this property and you have paid me. I bid the property in for you and I will take care of it." The deed for this lot was made to McCandless, who agreed with Love in writing to convey said lot among others, on payment of the purchase money, to C. H. Love. This agreement was assigned by McCandless to S. B. W. Gill and on the same day McCandless executed to Gill a deed in fee. May 12, 1877, Gill conveyed it to Love for $3,400 and took back a mortgage for the whole purchase money. Gill assigned this mortgage to Kinney, who foreclosed it and bought in the property at the sale thereunder. Notice of such foreclosure was not served upon McCormick or his tenants, who were at that time in possession.

The court below, Ewing, J., charged the jury as follows:

"The testimony discloses a case of great hardship on the part of plaintiff, who paid his purchase money in full and made valuable improvements on the property, no doubt in ignorance of the peril he incurred by the existence of a large mortgage which was paramount to his title. A reasonable prudence on his part would have required him to have the records examined; and this examination would have disclosed the mortgage and the danger of paying the purchase money without having his land released from the lien of the paramount mortgage.

"[The whole evidence fails to disclose a legal ground on which the plaintiff is entitled to recover. Your verdict should be for the defendant.]"

The jury rendered a verdict for defendant, upon which judgment was entered; and plaintiff took this writ, assigning, *inter alia,* as error the portion of the charge inclosed in brackets.

*Jacob N. Slagle* and *Noah W. Shafer* for plaintiff in error.

*Lazear & Orr* and *John F. Edmundson* for defendant in error.

PER CURIAM:

An examination of this case brings us to the conclusion

reached by the court below: "That the whole evidence fails to disclose a legal ground on which the plaintiff is entitled to recover."

Judgment affirmed.